UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BAUSCH HEALTH IRELAND LIMITED; SALIX PHARMACEUTICALS, INC.; and NORGINE B.V., <br><br> Plaintiffs, <br><br> v. <br><br> LUPIN LTD.; LUPIN ATLANTIS HOLDINGS SA; LUPIN INC.; and LUPIN PHARMACEUTICALS, INC., <br><br> Defendants. | Civil Action No. 19-9178 (RMB) (KMW) <br><br> **STIPULATION AND [PROPOSED] ORDER** |

This stipulation is made by and between Plaintiffs Bausch Health Ireland Limited, Salix Pharmaceuticals, Inc., and Norgine B.V. (collectively, "Plaintiffs") and Defendants Lupin Ltd., Lupin Atlantis Holdings SA, Lupin Inc., and Lupin Pharmaceuticals, Inc. (collectively, "Defendants").

WHEREAS, Plaintiffs filed suit against Defendants in the above-captioned case (the "Action"), which concerns, *inter alia*, Abbreviated New Drug Application ("ANDA") No. 212934;

WHEREAS, Lupin Inc. is the holder of ANDA No. 212934;

WHEREAS, Lupin Inc. is a subsidiary of Lupin Atlantis Holdings SA;

WHEREAS, Lupin Pharmaceuticals, Inc. is a subsidiary of Lupin Inc. and Lupin Ltd.;

WHEREAS, Lupin Ltd., Lupin Atlantis Holdings SA, and Lupin Pharmaceuticals, Inc. maintain that they are not proper defendants in the Action;

WHEREAS, Plaintiffs maintain that Lupin Ltd., Lupin Atlantis Holdings SA, and Lupin Pharmaceuticals, Inc. are proper defendants in the Action;

WHEREAS, resolution of such disagreement by motion practice will consume time and expense that Plaintiffs and Defendants wish to avoid by entering into this stipulation;

NOW THEREFORE, Plaintiffs and Defendants, by and through their respective undersigned counsel in the Action, and subject to the approval of the Court, stipulate and agree as follows:

1. Lupin Ltd., Lupin Atlantis Holdings SA, and Lupin Pharmaceuticals, Inc., including their affiliates and subsidiaries, agree to be bound by any judgment, order, injunction, or decision entered in this Action, or in any appeal thereof, as if they were named as defendants.

2. Lupin Ltd., Lupin Atlantis Holdings SA, and Lupin Pharmaceuticals, Inc. agree that they will not contest personal jurisdiction or venue in this Court for purposes of enforcing any such judgment, order, injunction, or decision including the terms of this stipulation, against Lupin Ltd., Lupin Atlantis Holdings SA, and Lupin Pharmaceuticals, Inc. in the Action, and will not assert as a defense the entire controversy doctrine or any limitations based defense.

3. Lupin Ltd., Lupin Atlantis Holdings SA, and Lupin Pharmaceuticals, Inc. agree that to the extent they have in their possession, custody, or control information or materials that would be discoverable and responsive to discovery requests in this Action were they to remain parties to the Action, they will search for and provide such discovery to Lupin Inc. in response to discovery requests propounded on Lupin Inc. by Plaintiffs. Lupin Inc. agrees to produce such discovery in response to discovery requests served on Lupin Inc. in the Action on behalf of Lupin Ltd., Lupin Atlantis Holdings SA, and Lupin Pharmaceuticals, Inc. Plaintiffs may seek to depose employees of Lupin Ltd., Lupin Atlantis Holdings SA, and Lupin Pharmaceuticals, Inc. as if Lupin Ltd., Lupin Atlantis Holdings SA, and Lupin Pharmaceuticals, Inc. were named as defendants in the Action, without the need for (a) subpoenas or (b) if located outside the United

States, adherence to the procedures of the Hague Convention or other methods of foreign service. Lupin Inc. will also accept Fed. R. Civ. P. 30(b)(6) deposition notices containing topics directed to information that may be held by Lupin Ltd., Lupin Atlantis Holdings SA, and Lupin Pharmaceuticals, Inc., and any witness presented in response thereto shall investigate information in the possession, custody, or control of Lupin Ltd., Lupin Atlantis Holdings SA, and Lupin Pharmaceuticals, Inc.  Lupin Ltd., Lupin Atlantis Holdings SA, and Lupin Pharmaceuticals, Inc. further agree to be bound by resolution of discovery matters in this Action.

4. Other than set forth herein, this stipulation does not constitute waiver of any objection or defense to, or any privilege or immunity from, the provision of discovery otherwise available to parties to an action under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or any other applicable authority.

5. Lupin Inc. agrees that it will not contest personal jurisdiction solely for purposes of this Action only and, as such, will not move to dismiss or transfer the Action on grounds that the United States District Court for the District of New Jersey lacks jurisdiction over Lupin Inc. solely for purposes of this Action only.  Lupin Inc. also agrees that it will not contest venue in the United States District Court for the District of New Jersey solely for purposes of this Action only and, as such, will not move to dismiss or change the venue of the Action.  Lupin Inc. further agrees that it will provide in the Action such discovery from Lupin Ltd., Lupin Atlantis Holdings SA, and Lupin Pharmaceuticals, Inc., as agreed to by Lupin Ltd., Lupin Atlantis Holdings SA, and Lupin Pharmaceuticals, Inc. in paragraph 3 above.

6. Plaintiffs hereby dismiss without prejudice Defendants Lupin Ltd., Lupin Atlantis Holdings SA, and Lupin Pharmaceuticals, Inc. pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

7. The terms of this stipulation are made without prejudice to the respective positions of Plaintiffs and Defendants as to whether Lupin Ltd., Lupin Atlantis Holdings SA, and Lupin Pharmaceuticals, Inc. are proper defendants in the Action.

8. The case caption for the Action should be amended to remove Lupin Ltd., Lupin Atlantis Holdings SA, and Lupin Pharmaceuticals, Inc. as follows:

| | |
|---|---|
| BAUSCH HEALTH IRELAND LIMITED; SALIX PHARMACEUTICALS, INC.; and NORGINE B.V., <br><br>　　　　　　Plaintiffs, <br><br>　v. <br><br>LUPIN INC., <br><br>　　　　　　Defendants. | Civil Action No. 19-9178 (RMB) (KMW) |

9. None of the foregoing shall be interpreted to limit Plaintiffs' right to discovery of Lupin Inc.

STIPULATED AND AGREED TO BY:

Dated: July 10, 2019

s/ William P. Deni, Jr.
William P. Deni, Jr.
Charles H. Chevalier
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Tel.: (973) 596-4500
Fax: (973) 596-0545
wdeni@gibbonslaw.com
cchevalier@gibbonslaw.com
jlower@gibbonslaw.com

*Attorneys for Plaintiffs*

s/ Melissa E. Flax
Melissa E. Flax
Michael Cross
**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068-1739
(973) 994-1700
mflax@carellabyrne.com
mcross@carellabyrne.com

*Of Counsel*
William A. Rakoczy
Paul J. Molino

Bryan C. Diner
Justin J. Hasford
**FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP**
901 New York Avenue, NW
Washington, DC 20001-4413
Tel: (202) 408-4000

*Attorneys for Plaintiffs
Bausch Health Ireland Limited and
Salix Pharmaceuticals, Inc.*

Martin H. Black (*pro hac vice* to be submitted)
**DECHERT LLP**
Cira Centre, 2929 Arch St.
Philadelphia, Pennsylvania 19104-2808
Tel.: (215) 994-4000

Katherine A. Helm (*pro hac vice* to be submitted)
**DECHERT LLP**
3 Bryant Park
1095 Avenue of the Americas
New York, New York 10036
Tel.: (212) 698-3500

Robert D. Rhoad
**DECHERT LLP**
502 Carnegie Center, Suite #104
Princeton, New Jersey, 08540
Tel.: (609) 955-3269

*Attorneys for Plaintiff Norgine B.V*

John D. Polivick
Maja E. Sherman
**RAKOCZY MOLINO MAZZOCHI SIWIK LLP**
6 West Hubbard Street, Suite 500
Chicago, Illinois 60654
Tel: (312) 527-2157

*Attorneys for Defendants
Lupin Ltd., Lupin Atlantis Holdings SA,
Lupin Inc., and Lupin Pharmaceuticals, Inc.*

IT IS SO ORDERED this 29th day of July, 2019

_____
Hon. Renée Marie Bumb, U.S.D.J.

5